IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

OCEAN SPRAY CRANBERRIES, INC.
One Ocean Spray Drive
Lakeville-Middleboro, Massachusetts  02349

      Plaintiff,

      v.                                                                 Case No. 1:16-cv-01428

LAACK COLD STORAGE, LLC
1111 North Broadway Street
Green Bay, WI  54303

      Defendant.

## COMPLAINT

Ocean Spray Cranberries, Inc. ("Ocean Spray"), by its attorneys, Quarles & Brady, LLP, states the following Complaint against Laack Cold Storage, LLC ("Laack" or "Defendant").

### THE PARTIES

1.     Ocean Spray is a Delaware corporation with its principal place of business located at One Ocean Spray Drive, Lakeville-Middleboro, Massachusetts 02349.

2.     Ocean Spray was formed in 1930 by three cranberry growers who began developing new and innovative products made from cranberries.  Ocean Spray is now an agricultural cooperative with over 700 family growers in Massachusetts, Wisconsin, New Jersey, Washington, Oregon, British Columbia, Eastern Canada and Lanco, Chile.

3.     Over half of the world's supply of cranberries are grown in the State of Wisconsin.  Ocean Spray has over 200 grower-owners in Wisconsin, and processing facilities in

Wisconsin Rapids, Tomah and Kenosha, as well as receiving stations throughout Wisconsin's growing regions.

4. Laack is a Wisconsin LLC with its principle place of business located at 1111 North Broadway Street, Green Bay, WI 54303. Upon information and belief, the sole member of Laack is Mark J. Laack.

5. Mark J. Laack is domiciled in the State of Wisconsin.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Ocean Spray and Laack are citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Laack because it has been engaged in substantial and not isolated activities within Wisconsin continuously since at least 2011.

8. Since at least 2011, Laack has continuously provided cold storage services, including but not limited to, the handling, freezing and storage of cranberries and cranberry concentrate.

9. Venue in the Eastern District of Wisconsin, Green Bay Division, is proper under 28 U.S.C. § 1391(b) and (d). Laack is a Wisconsin LLC with a principle place of business at 1111 N. Broadway Street in Green Bay, Wisconsin. The registered agent for Laack is Mark J. Laack with a registered address of 1111 N. Broadway Street in Green Bay, Wisconsin. Upon information and belief, the sole member of Laack is Mark J. Laack, who resides at 3100 Heritage Road in the Town of Ledgeview, Wisconsin. The contract at issue in this case was negotiated between Mr. Laack in Green Bay and Ocean Spray in Massachusetts.

## FACTUAL BACKGROUND

10. In August, 2011, Ocean Spray and Laack entered into a contract titled "Freezer Contract Terms" with an effective date of September 1, 2011 (the "Contract"). A copy of the Contract is attached hereto as Exhibit A.

11. Pursuant to the Contract, Laack promised to provide services to Ocean Spray, including the handling, freezing and storage of cranberries and cranberry concentrate ("Product").

12. Beginning in or around September, 2011, Ocean Spray began delivering Product to Laack for handling, freezing and storage. Some Product was stored in drums and some stored in Totes. The drums, totes and Product were, and are, Ocean Spray's property.

13. The Contract provides that title to any Product delivered to Laack shall at all times be and remain in Ocean Spray's name.

14. Since 2011, Laack would freeze and store Product in its storage facilities in Arpin and Waupun, Wisconsin.

15. Between 2011 and August, 2016, when certain Ocean Spray divisions, customers or affiliates placed an order for cranberries, Ocean Spray would provide notice of that order to Laack so that Laack could arrange to fill the order from one of its facilities.

16. When Laack received notice of an order, it would take the steps necessary to have the Product ready for shipment at the instructed time and location.

17. The Ocean Spray Product stored at Laack's facilities is perishable, therefore, it is essential that Laack process the orders in accordance with Ocean Spray's instructions.

18. Between 2011 and August, 2016, Laack processed hundreds of orders in accordance with Ocean Spray's instructions. Laack would prepare an invoice for each order, and Ocean Spray would pay that invoice in the ordinary course after, if necessary, an audit of records

supporting the expenses. The prices paid to Laack for services provided pursuant to the Contract are stated in Exhibit A to the Contract, or in subsequent price sheets agreed to by the Parties.

19. From time to time, the parties would negotiate the payment of additional expenses incurred by Laack.

20. From time to time, Laack would reimburse Ocean Spray for the cost of damage to Ocean Spray totes and drums stored at Laack's facilities.

21. Between September, 2015 and August, 2016, Laack allegedly sent ten separate invoices to Ocean Spray for services allegedly provided pursuant to the Contract. Five of those invoices relate to services allegedly provided at Laack's Arpin facility (Invoice Nos. 5617, 5618, 5625, 5633 and 5670), and five relate to services allegedly provided at Laack's Waupun facility (Invoice Nos. 5655, 5671, 5672, 5677 and 5678).

22. In December, 2015, Ocean Spray asked for backup for Invoice Nos. 5617, 5618 and 5633. Between December, 2015 and February, 2016, the Parties engaged in discussions regarding the appropriateness of those charges. In April, 2016, Ocean Spray confirmed what it would be willing to pay on those three invoices. Laack did not respond.

23. In February, 2016, Ocean Spray informed Laack that it had run reconciliations on its records and could not validate the charges contained in Invoice No. 5625. Ocean Spray confirmed this position for Laack again in April, 2016. Laack did not respond.

24. In August, 2016, Laack demanded payment of all outstanding invoices and refused to ship any product unless all outstanding invoices were paid at the invoiced amounts, regardless of any prior discussions or concerns.

25. On August 29, 2016, at 12:36 PM, Laack sent an email to Ocean Spray stating "let's try to work this out" and forwarding a letter regarding "Product Hold and Rate Increase."

26. Laack's August 29 letter lists the ten allegedly unpaid invoices and stated: "These invoices total $109,848.50. We are requiring a check in this amount, mailed to us by Fed Ex or UPS, prior to any further shipments leaving our facilities. This requirement is effective August 31, 2016. Once payment is received, we will begin releasing product."

27. Laack's August 29 letter states that there would be an increase in storage rates. This unilateral price increase proposed by Laack would result in a 69% increase to the cost of storing Product in drums, and a 49% increase to the cost of storing Product in totes.

28. Laack's August 29 letter states that the "August/September invoice will be issued by the end of this week. This invoice must be paid in full by September 10, 2016, otherwise product will be on hold again until payment is received."

29. The Contract requires notice of intent to raise prices by June 1 for any price increase effective on the September 1 anniversary date.

30. Laack issued its August/September invoice with the unilaterally increased storage rates without Ocean Spray's agreement or consent.

31. On August 29, 2016, Ocean Spray requested a copy of the allegedly outstanding invoices. Laack provided a copy of ten invoices by email at 12:59 PM, or August 29, 2016.

32. On August 29, 2016, at 1:34 PM, Ocean Spray sent an email to Laack explaining what it was willing to pay on Invoice Nos. 5617, 5618 and 5633, as previously disclosed in February, 2016. That email also forwarded the prior discussion on Invoice No. 5625 and confirmed that Ocean Spray would not pay Invoice 5670 because it involved the storage of drums where Laack had turned the refrigeration off and it was unclear whether any of the Product would be salvageable. That email also informed Laack that Ocean Spray was unfamiliar

with the Invoices related to Laack's Waupun facility (Invoice Nos. 5655, 5671, 5672, 5677 and 5678). Ocean Spray agreed to follow up on the invoices related to the Waupun facility.

33. On August 30, 2016, Laack sent an email including the letter from August 29 and stating "this is what is needed."

34. On September 2, 2016, Ocean Spray paid Invoice Nos. 5655, 5671, 5672 and 5677 related to services for Product stored in the Waupun facility.

35. On September 12, 2016, Ocean Spray sent a letter to Laack complaining about Laack's refusal to prepare and ship Product from its Waupun facility in accordance with the Contract. That letter is attached hereto as Exhibit B.

36. Ocean Spray's September 12, 2016 letter notified Laack that its refusal to ship is in violation of the Contract and would result in the expiration of the useable shelf life of the Product.

37. Ocean Spray's September 12, 2016 letter noted that it was current with respect to all invoices except $20,000 of the $22,000 related to services for Product stored in Laack's Arpin facility. The letter noted Ocean Spray's willingness to review documentation and discuss a resolution in good faith, however, it made clear that the withholding of shipments of concentrate is not an appropriate course of action to resolve the dispute.

38. Ocean Spray's September 12, 2016 letter also rejected the August 29 price increase for failure to provide adequate notice.

39. Laack did not respond to Ocean Spray's September 12, 2016 letter. Ocean Spray followed up on September 13 and was informed by Laack that the letter needs to go to its attorney. Laack also informed Ocean Spray that its attorney was trying to reach Ocean Spray, but Ocean Spray never received any inquiry from any attorney on behalf of Laack.

40. On September 29, 2016, Ocean Spray wrote to Laack outlining various breaches of the Contract and notifying Laack of the continuing harm caused by Laack's refusal to ship Product. A copy of that letter is attached hereto as Exhibit C.

41. The September 29 letter also demanded payment for $52,812.72 in damage caused by Laack to Ocean Spray's drums and press cake product.

42. While counsel for Laack has confirmed receipt of the letter, Laack has provided no substantive response as of the date of this Complaint.

43. Laack is currently holding Product valued at more than $29 million in its Waupun facility.

44. As a result of Laack's refusal to ship Product in accordance with Ocean Spray's instructions in September, Ocean Spray has lost Product worth more than $430,000.

45. If Laack refuses to ship Product in accordance with Ocean Spray's instructions in October, Ocean Spray will lose Product worth more than $850,000.

46. If Laack refuses to ship Product in accordance with Ocean Spray's instructions in November, Ocean Spray will lose Product worth more than $1.5 million.

47. The Contract contains no basis for Laack's refusal to ship Product. Laack's refusal to ship is a continuing breach which will continue to cause harm to Ocean Spray through the loss and destruction of its perishable property.

### COUNT I - BREACH OF CONTRACT

48. The allegations of Paragraphs 1 through 47 are incorporated herein by reference with the same force and effect as if set forth in full below.

49. The Parties entered into an enforceable written contract attached hereto as Exhibit A.

50. Laack has breached the Contract by the conduct described in Paragraphs 10 through 47 above.

51. Laack's breaches of contract include the following:

   a. Failure to fill orders or release Product for delivery;

   b. Failure to reimburse Ocean Spray for damage to its drums and other property;

   c. Failure to provide adequate notice of price changes.

52. Ocean Spray has fulfilled all of its obligations under the Contract.

53. Laack's past and continuing breaches have caused and continue to cause harm to Ocean Spray in the form of destruction of Ocean Spray's property.

54. Ocean Spray is entitled to recovery of the value of Product lost as a result of Laack's failure to fill orders, the value of any product lost due to Laack's mishandling, and the cost to repair or replace drums and totes damaged by Laack's mishandling.

**COUNT II - BREACH OF CONTRACT (GOOD FAITH AND FAIR DEALING)**

55. The allegations of Paragraphs 1 through 54 are incorporated herein by reference with the same force and effect as if set forth in full below.

56. The Contract required Laack to act in good faith towards Ocean Spray and deal fairly with Ocean Spray when performing the Contract.

57. Laack had an obligation to use good faith when providing handling, freezing and storage services.

58. Laack breached the implied duty of good faith and fair dealing by refusing to fill orders or otherwise release Product to Ocean Spray, and by unilaterally attempting to raise prices without adequate notice.

59. Laack knew that the Product is perishable and that a refusal to fill orders would result in the destruction to, and loss of, Product.

60. Laack refused to fill orders or otherwise release Product, and unilaterally attempted to increase prices, in order to improperly leverage payment of unsupported invoices related to services at Laack's Arpin facility.

61. Laack's refusal to fill orders applied to Product at its Waupun facility. All of Laack's Waupun invoices have been paid.

62. Laack has no contractual or other right to withhold delivery of Ocean Spray's Product.

63. Laack's failure to fill orders or otherwise release Product has deprived Ocean Spray of the benefits of the Contract.

64. Product that has been lost as a result of Laack's conduct cannot be replaced. As such, Ocean Spray's rights to receive the benefits of the Contract with respect to lost Product has been destroyed.

65. Laack's continuing refusal to fill orders or release Product is a continuing breach of contract and a continuing harm.

## COUNT III - CONVERSION

66. The allegations of Paragraphs 1 through 65 are incorporated herein by reference with the same force and effect as if set forth in full below.

67. Laack intentionally controlled Product belonging to Ocean Spray by accepting that product in its storage facilities.

68. Laack maintained control of Product belonging to Ocean Spray without consent or lawful authority by refusing to fill orders for Product as instructed by Ocean Spray consistent with the Contract and the Parties' past practice.

69. Laack knew that title to Product remained with Ocean Spray because that is an express term of the Contract.

70. Ocean Spray demanded on multiple occasions that Laack fill orders or otherwise release Product.

71. Ocean Spray was entitled by Contract to have Laack fill orders or otherwise return Product after each demand.

72. Laack knew that Ocean Spray was entitled to possession of Product because nothing in the Contract or the Parties' past custom and practice permitted Laack to withhold delivery of Product in connection with a dispute over unrelated invoices.

73. Laack knew that refusing to fill orders and deliver Product would cause substantial injury to Ocean Spray because Product is perishable. Laack knew that continuing to refuse to fill orders and deliver Product would cause an ongoing destruction of Product and preclude any future control or use by Ocean Spray.

74. By refusing to fill orders as instructed or otherwise release Product, Laack caused a destruction of Ocean Spray's property.

75. Laack's conduct was malicious and an intentional disregard of Ocean Spray's rights.

## COUNT IV – STATUTORY THEFT (WIS. STAT. § 895.446)

76. The allegations of Paragraphs 1 through 75 are incorporated herein by reference with the same force and effect as if set forth in full below.

77. Laack knew that failing to fill orders or otherwise release Product would result in damage to, and destruction of, Product.

-10-
Case 1:16-cv-01428-WCG   Filed 10/24/16   Page 10 of 12   Document 1

78. By refusing to fill orders or otherwise release Product in accordance with Ocean Spray's instructions, Laack intentionally caused damage to Product without Ocean Spray's consent in violation of Wis. Stat. § 943.01.

79. By refusing to fill orders or otherwise release Product in accordance with Ocean Spray's instructions, Laack intentionally retained possession of Ocean Spray's movable property without consent and with intent to deprive Ocean Spray of possession of such property in violation of Wis. Stat. § 943.20(1)(a).

80. Ocean Spray has suffered hundreds of thousands of dollars in damage and loss of Product by reason of Laack's intentional conduct which was prohibited by Wis. Stat. §§ 943.01 and 943.20(1)(a).

81. As a result of Laack's conduct, Ocean Spray is entitled to the recoveries set forth in Wis. Stat. § 895.446(3).

## PRAYER FOR RELIEF

WHEREFORE, Ocean Spray respectfully requests relief from this Court as follows:

a. A judgment that Defendant breached the Contract;

b. A judgment that Defendant committed conversion of Ocean Spray's property;

c. A preliminary and post-judgment injunction requiring Defendant to perform the Contract;

d. An award of all damages caused by Defendant's breach of the Contract and conversion;

e. An award of damages pursuant to Wis. Stat § 895.446 (3), including but not limited to, actual damages, all costs of investigation and litigation including attorney's fees, and exemplary damages;

f. An award of punitive damages for Defendants' malicious conduct and intentional disregard of Ocean Spray's rights;

g. An award of pre-judgment and post-judgment interest, costs and attorney's fees;

h. Such other and further relief as the Court deems just and proper.

Dated this 24th day of October, 2016.

                                          MATTHEW J. DUCHEMIN
                                        State Bar No. 1027594

                                        s/ Matthew J. Duchemin
                                        QUARLES & BRADY LLP
                                        33 East Main Street, Suite 900
                                        Madison, WI 53703
                                        matthew.duchemin@quarles.com

                                        Attorneys for Plaintiff, Ocean Spray
                                        Cranberries, Inc.